UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| MARTIN ROBINSON, et al., | ) | Case No. 1:20 CV 1330 |
| | ) | |
| Plaintiffs | ) | JUDGE SOLOMON OLIVER, JR. |
| | ) | |
| v. | ) | |
| | ) | |
| SHIRLEY STRICKLAND-SAFFOLD, et al. | ) | |
| | ) | MEMORANDUM OPINION |
| Defendants | ) | AND ORDER |

*Pro se* Plaintiff Martin Robinson, an Ohio prisoner incarcerated in the Warren Correctional Institution, filed this civil rights action under 42 U.S.C. § 1983 against numerous governmental entities and employees, including Judge Shirley Strickland-Saffold; the Cuyahoga County Common Pleas Court; the Cuyahoga County Corrections Center; the Cuyahoga County Prosecutor, Michael C. O'Malley, and a former Assistant Prosecuting Attorney, Hannah Smith; the Brook Park Police Department; the Cuyahoga County Sheriff's Department; and several "John Doe" police officers.

In his Complaint, Plaintiff alleges in conclusory fashion that he was "wrongfully arrested," which "led to wrongful incarcerations." (Doc. No. 1-2 at PageID # 11). He seeks compensation for himself and on behalf of Plaintiffs Gary Robinson and Maiya McCoy. (*Id.* at PageID # 10).

**I. BACKGROUND**

On April 1, 2020, Plaintiff commenced this civil rights action in the Cuyahoga County

Common Pleas Court. *See Robinson, et al. v. Strickland-Saffold, et al.*, Cuyahoga County Court of Common Pleas, Case No. CV20-931617 (April 1, 2020). On June 18, 2020, Defendants Cuyahoga County Prosecutor Michael C. O'Malley, the Cuyahoga County Corrections Center, the Cuyahoga County Sheriff's Department, and former Assistant Prosecuting Attorney Hannah Smith filed a Notice of Removal to this Court pursuant to 28 U.S.C. § 1441 *et seq*.

Before Robinson's Complaint was screened by the Court under the Prison Litigation Reform Act, Defendants Cuyahoga County Prosecutor Michael C. O'Malley, the Cuyahoga County Corrections Center, the Cuyahoga County Sheriff, the Cuyahoga County Common Pleas Court, Judge Shirley Strickland-Saffold, Bailiff Larry Wallace, and former Assistant Prosecuting Attorney Hannah Smith filed a motion to dismiss Robinson's Complaint pursuant to Fed.R.Civ.P. 12(b)(6) (Doc. No. 4).

## II. STANDARD OF REVIEW

District courts are required under 28 U.S.C. § 1915A to review all complaints filed in federal court in which a prisoner seeks redress from a governmental officer or employee, and to dismiss before service any such complaint that the Court determines is frivolous or malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief. *Hill v. Lappin*, 630 F.3d 468, 470-71 (6th Cir.2010).

When determining whether a plaintiff has stated a claim upon which relief can be granted, the court must construe the Complaint in the light most favorable to the plaintiff, accept all factual allegations as true, and determine whether the Complaint contains "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The plaintiff's obligation to provide the grounds for relief "requires more than labels and

conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* at 555. Although a Complaint need not contain detailed factual allegations, its "[f]actual allegations must be enough to raise a right to relief above the speculative level . . . on the assumption that all the allegations in the complaint are true." *Id.* (Citation omitted.). The Court is "not bound to accept as true a legal conclusion couched as a factual allegation." *Papasan v. Allain*, 478 U.S. 265, 286 (1986).

The Supreme Court further explained the "plausibility" requirement, stating that "[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Furthermore, "[t]he plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* (quoting *Twombly*, 550 U.S. at 556). This determination is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679.

### III. LAW AND ANALYSIS

Here, Plaintiff alleges that on October 31, 2017, he was wrongfully arrested by police officers of the Brook Park Police Department. He further alleges that this wrongful arrest led to his wrongful incarceration in cases in the Berea Municpal Court and the Cuyahoga County Court of Common Pleas. Plaintiff seeks damages for his alleged wrongful imprisonment.

In order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, "a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such

determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254. A claim for damages bearing that relationship to a conviction or sentence that has not been invalidated is not cognizable under § 1983." *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994). Therefore, when a state prisoner seeks damages in a § 1983 suit, "the court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated." *Id.* at 487. If, however, the Court determines that the plaintiff's claims, even if successful, will not demonstrate the invalidity of any outstanding criminal judgment against the Plaintiff, the action should be allowed to proceed, in the absence of some other bar to the suit. *Id.*

Here, Plaintiff claims he was wrongfully imprisoned. A judgment of false imprisonment would necessarily imply that his sentence is invalid. He must therefore allege that his sentence was corrected in the Ohio courts or by a Writ of *Habeas Corpus*. Because the allegations in Plaintiff's Complaint do not suggest that the state sentences he challenges have been reversed on appeal or called into question in any of the ways articulated by *Heck*, Plaintiff cannot proceed with a damages action challenging his sentence. His Complaint therefore fails to allege any plausible damages claim upon which relief can be granted.

## IV. CONCLUSION

For the foregoing reasons, this action is dismissed pursuant to 28 U.S.C. § 1915A. In light of the Court's decision that the Complaint is subject to summary dismissal, Defendants' motion to dismiss under Fed.R.Civ.P. 12(b)(6) is hereby denied as moot.

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that an appeal from this decision may not be taken in good faith.

IT IS SO ORDERED.

>  */s/ Solomon Oliver, Jr.*
> SOLOMON OLIVER, JR.
> UNITED STATES DISTRICT JUDGE

December 11, 2020